IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2024 DEC 11 AM 10: 33
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| ELEIN RODELA JR., § | | |
| Movant, § | | |
| § | EP-24-CV-38-DCG | |
| v. § | EP-21-CR-1314-DCG-1 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Movant Elein Rodela Jr., federal prisoner number 62591-509, challenges his sentences through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 82.[1] His motion is denied for the following reasons.

### BACKGROUND AND PROCEDURAL HISTORY

Internal Revenue Service (IRS) agents initiated an investigation into Rodela's suspected involvement in an identity theft and tax fraud scheme. Presentence Investigation, ECF No. 69 at ¶ 5. They learned that Rodela owned a tax preparation business—915 Taxes & Notary Services—in El Paso, Texas. *Id.* They also found that Rodela previously worked at another tax preparation business—Rodela's Tax Service (RTS)—owned by his father. *Id.* They discovered that Rodela used W-2 Forms and valid social security numbers from RTS clients without their knowledge to file fraudulent individual income tax returns for unrelated Mexican nationals. *Id.* They further determined that Rodela arranged for the IRS to mail the tax refund checks to addresses he controlled so that he could cash the checks for his personal benefit. *Id.* at ¶ 9. They concluded that Rodela intended to defraud the IRS of a combined total of $2,834,606—and that the IRS issued

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-21-CR-1314-DCG-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

tax refund checks for an actual loss amount totaling $676,415 because of Rodela's activities. *Id.* at ¶ 90.

Rodela pleaded guilty before the United States Magistrate Judge—without the benefit of a plea agreement—to all counts in a fourteen-count indictment. *Id.* at ¶ 1; *see also id.* at ¶ 3 ("There is no plea agreement in this case."). Counts One through Three charged him with mail fraud, in violation of 18 U.S.C. § 1341; Count Four charged him with wire fraud, in violation of 18 U.S.C. § 1343; Counts Five through Eight charged him with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 1028A(c)(5); Counts Nine through Thirteen charged him with laundering monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and Count Fourteen charged him with theft of government funds, in violation of 18 U.S.C. § 641. *Id.* Rodela's guilty pleas, according to the Magistrate Judge, were "not induced by any promises, … any threats, force or threats of force." R. & R., ECF No. 52 at 2.

The probation officer who prepared the presentence investigation noted that Rodela's convictions on Counts Five through Eight for aggravated identity theft required the Court to impose a consecutive two-year term of imprisonment to any sentences imposed for the other counts. Presentence Investigation, ECF No. 69 at ¶ 166; *see* 18 U.S.C. § 1028A(a)(1) ("Whoever, during and in relation to any felony violation enumerated in subsection (c) [relating among other things to mail and wire fraud], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."). Despite this statutory requirement, Rodela's attorney asked the Court "run the 2-year sentence[s] for counts 5-8 concurrent with the sentence[s] imposed on the other counts." Def.'s Sentencing Mem., ECF No. 70 at 6.

2

The Court explained it was "not sure the Fifth Circuit is going to agree that [it] can circumvent the statute for something that's contained in the sentencing guidelines" and sentenced Rodela to concurrent two-year terms of imprisonment on Counts Five through Eight—consecutive to his other sentences. Sentencing Tr., ECF No 82 at p. 39, line 3 through 4. So, it sentenced Rodela "to be imprisoned for a term of fifty-two (52) months on each of Counts One, Two, Three, Four, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen to be served concurrently with all Counts; and twenty-four (24) months on each of Counts Five, Six, Seven, Eight to be served concurrently to Counts Five, Six, Seven, Eight, but consecutive to Counts One, Two, Three, Four, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen." J. Crim. Case, ECF No. 77 at 3. The Court subsequently granted Rodela's motion to reduce his 52-month sentences on Counts One, Two, Three, Four, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen to 41 months' imprisonment, with all other terms and provisions of the original judgment remain in effect. Order, ECF No. 88.

Rodela did not appeal.

Rodela now asserts four claims in his § 2255 motion. First, he maintains the Government breached its promise in the plea agreement that he would receive a single 52-month sentence for all his guilty pleas. Mot. to Vacate, ECF No. 82 at 4. Second, he claims he pleaded guilty based on the promise of his retained counsel that he "would receive a single 52-month sentence and that all other sentences would run concurrent[ly]." *Id.* at 5. Third, he asserts the Court "breached the plea agreement by running the 24-month sentence consecutive[ly] to the 52-month sentence as agreed upon by the Government." *Id.* at 6. Finally, he claims his retained counsel "failed to timely file a notice of appeal and failed to advise [him] that [he] had a right to a direct appeal with counsel." *Id.* at 8. He asks the Court to "[d]ismiss the 24-month consecutive sentence with

3

prejudice or run the 24-month consecutive sentence concurrent[ly] with the 52-month sentence." *Id.* at 12.

## STANDARD OF REVIEW

Section 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). It is not a "substitute for direct appeals." *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001); *see also United States v. Frady*, 456 U.S. 152, 167 (1982) (imposing a "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating "[w]here the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice.'"). And it identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, § 2255 does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*,

4

613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

Despite these limitations, a prisoner may still bring a Sixth Amendment "ineffective-assistance-of-counsel claim ... in a collateral proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). If he does, his claim is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, he has the burden of showing (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. To establish deficient performance, he must prove that his counsel's assistance fell "'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). In other words, he must show his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Lincks*, 82 F.4th 325, 330–31 (5th Cir. 2023). "[T]o establish prejudice, [he] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (quoting *Strickland*, 466 U.S. at 694).

## ANALYSIS

### A. Knowing and Voluntary Plea

Rodela suggests in three of his grounds for relief that his guilty pleas were not knowingly and voluntarily entered because they were induced by a promise of a 52-month sentence. Specifically, he claims that he pleaded guilty based on the promise of his counsel that he "would receive a single 52-month sentence and that all other sentences would run concurrent." Mot. to Vacate, ECF No. 82 at 5. He maintains the Government breached a promise in the plea agreement that he would receive a single 52-month sentence for all his guilty pleas. *Id.* at 4. He asserts the Court "breached the plea agreement by running the 24-month sentence consecutive[ly] to the 52-month sentence as agreed upon by the Government." *Id.* at 6.

A guilty plea must be knowing and voluntary to be constitutionally valid. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Consequently, "a guilty plea may be invalid if induced by defense counsel's unkept promises." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). But "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Likewise, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *United States v. Saling*, 205 F.3d 764, 767 (5th Cir. 2000) (internal quotations and citations omitted). "Where a defendant pleads guilty based on a

promise by the prosecutor, 'breach of that promise taints the voluntariness of his plea' and offends the Fifth Amendment." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (quoting *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)).

The record does not support Rodela's claims.

Rodela's counsel reports he told his client that the Court was required by statute to add a consecutive two-year sentence for an aggravated identity theft conviction to any sentence imposed for another offense. Gov't's Resp., Ex. A (Aff. of Joe Spencer), ECF No. 98-1 at 2. His counsel claims these meetings occurred on October 28, 2022, November 14, 2022, and February 3, 2022—well before his client entered his guilty pleas on June 23, 2023.[2] *Id.*; *see also* J. Crim. Case, ECF No. 77.

Rodela's counsel explains he was planning to ask the Court "to consider the [18 U.S.C. §] 3553 factors to offset the severity of the 24-month consecutive sentence with a variance or departure." *Id.* His counsel notes in a sentencing memorandum filed on December 28, 2022, that his client faced "a two-year sentence per count to run consecutively to the sentencing calculation for the other counts" for the aggravated identity theft convictions, but the Court could run the sentences for aggravated identity theft concurrently pursuant to 18 U.S.C. § 1028A(b)(4). Def.'s Sentencing Memo., ECF No. 70 at 6. And his counsel asked the Court to impose a sentence "below the sentencing range[,] drop some or all the enhancements," and run *all* sentences concurrently. *Id.*

Rodela pleaded guilty before the Magistrate Judge to all counts of the fourteen-count indictment without the benefit of a plea agreement. Presentence Investigation, ECF No. 69 at ¶ 1.

---

[2] Rodela pleaded guilty on June 23, 2023, and was sentenced on February 7, 2023. J. Crim. Case, ECF No. 77.

Consequently, there was no plea agreement for either the prosecutor or the Court to breach. Presentence Investigation, ECF No. 69 at ¶ 3.

Before he entered his plea, Rodela swore an oath to tell the truth. Plea Hearing Tr., ECF No. 94, 4:1-3. His "solemn declarations in open court" concerning the knowing and voluntary nature of his pleas carried "a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)). Rodela acknowledged that he voluntarily and knowingly waived his rights to (1) appear before a district judge to plead guilty; (2) be presumed innocent; (3) trial by jury; (4) confront witnesses; (5) testify; and (6) compel witnesses to testify. Plea Hearing Tr., ECF No. 94, 7:17-25 through 10:1-21. He then engaged in the following exchange with the Magistrate Judge:

> THE COURT: Okay. Are you pleading guilty voluntarily?
>
> DEFENDANR RODELA: Yes, Your Honor.
>
> THE COURT: Has anybody threatened you or made you any promises of any kind [to] induce you or coerce you into pleading guilty?
>
> DEFENDANT RODELA: No, Your Honor.
>
> THE COURT: Okay. And you're pleading guilty to these charges because you're guilty of these charges and not for any other reason?
>
> DEFENDANT RODELA: Yes, Your Honor.

*Id.*, at 10:22-25 through 11:1-7. Rodela then listened as the Magistrate Judge explained the sentencing consequences of an aggravated identity theft conviction on his overall sentence:

> THE COURT: I'm looking at 18 U.S.C. 1028(a)(1), which is what's cited in the indictment. It does indicate it's a term of imprisonment of two years. So, it's not a range. It's two years, is the possible sentence on that. And let's see what (c)(5) is. Okay. And so, what you were saying was that the District Court, in sentencing, has the discretion to run those four charges, those aggravated identity theft charges, concurrently?

MS. AGUAYO: Yes, Your Honor.

THE COURT: Or consecutively?

MS. AGUAYO: Yes, Your Honor.

THE COURT: Right?

MS. AGUAYO: Yes, Your Honor.

THE COURT: But it must run them consecutively with another charge?

MR. SPENCER: Yes.

MS. AGUAYO: That's correct, Your Honor.

THE COURT: Okay. Do you understand that, Mr. Rodela?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay.

*Id.* at 22:12-25 through 23:1-8.

Rodela's counsel did ask the Court at the sentencing hearing to "consider [a] variance, or in the alternative, a downward departure" to offset the severity of the 24-month consecutive sentence. Sentencing Hearing Tr., ECF No. 80 at 18:9-10. He opined "a big sticking point" in the unsuccessful plea agreement negotiations was on the issue of all the sentences "running concurrent." *Id.* at 18:6-8.

"In order for a prisoner to receive federal habeas relief on the basis of alleged promises that are inconsistent with representations made in open court when his guilty plea was accepted, he must 'prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise.'" *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989) (quoting *Davis v. Butler*, 825 F.2d 892,

894 (5th Cir. 1987)).

Rodela testified under oath before he entered his guilty pleas that he understood the sentencing consequences of pleading guilty to aggravated identity theft. Plea Hearing Tr., ECF No. 94 at 22:12-25 through 23:1-8. He did not present affidavits when he submitted his § 2255 motion from reliable third parties establishing the terms of an alleged promise of a 52-month sentence, the time and place of the promise, or the identity of any eyewitnesses to the promise. *Cervantes*, 132 F.3d at 1110. His own affidavit, containing self-serving conclusional allegations, is insufficient to support his claims. *See id.*; *see also United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

Consequently, Rodela cannot support his claims with evidence that (1) the Government breached its promise that he would receive a single 52-month sentence for all of his guilty pleas, (2) his counsel told him that he would receive a single 52-month sentence, or (3) the Court breached the plea agreement by running the 24-month sentence consecutively to the 52-month sentence he claims was agreed upon by the Government. Mot. to Vacate, ECF No. 82 at 4, 5, 6.

### B. Failure to File Notice of Appeal

Rodela further claims his retained counsel provided ineffective assistance when he "failed to timely file a notice of appeal and failed to advise [him] that [he] had a right to a direct appeal with counsel." Mot. to Vacate, ECF No. 82 at 8. Specifically, he says "ineffective assistance of counsel—not advised of direct appeal right." *Id.* at 3. Notably, he does not claim he asked his counsel to file a notice of appeal.

10

A defense counsel's "duty to perfect an appeal on behalf of a convicted client does not arise on conviction, but when the client makes known to counsel his desire to appeal the conviction." *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). As a result, "[t]he attorney's role … is to provide information on how to appeal and the opportunity to do so; the client's role is to make the final decision as to take or not to take the appeal." *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994). Indeed, "the attorney has no right or duty to take an appeal until the client expresses to counsel [his] desire to do so." *Id.*

When counsel fails to file a notice of appeal despite the defendant's specific instructions to appeal, such failure constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit. *Peguero v. United States*, 526 U.S. 23, 28 (1999) (citing *Rodriquez v. United States*, 395 U.S. 327, 329–330 (1969).

When the defendant has not conveyed his wishes to counsel, the court must determine whether counsel consulted with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478. This is because "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Cong Van Pham*, 722 F.3d 320, 324 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). When an attorney performs deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed "with no further showing from the

11

defendant of the merits of his underlying claims." *Garza*, 139 S. Ct. at 747 (citing *Flores-Ortega*, 528 U.S. at 484). "[W]hen an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 586 U.S. 232, 235 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484). Where counsel's ineffective assistance results in the loss of the right of first appeal, reinstatement of the right of appeal is the appropriate remedy. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

Once again, the record does not support Rodela's claims.

The Court advised Rodela at his sentencing hearing that he had a right to appeal, he had 14 days to file a notice of appeal, and he should talk to his attorney if he had any additional questions about his appellate rights. Sentencing Hearing Tr., ECF No. 80 at 3:17-25 through 4:1-3. Specifically, the Court admonished Rodela:

> THE COURT: ... Once I have imposed your sentence, you'll ... have the right to appeal the imposition of that sentence. And if you wish to appeal, you must file a notice of appeal with the clerk of this court, indicating your desire to appeal your sentence to a higher court.
>
> You must file this notice of appeal within 14 days of the date of the entry of judgment in your case. The date of the entry of judgment in your case most likely will be today.
>
> If you have any additional questions about your appellate rights, I refer you to your counsel. Your counsel will be able to answer your questions and also help you perfect an appeal if you do decide you want to appeal.

Sentencing Hearing Tr., ECF No. 80 at 3:17-25 through 4:1-3.

Rodela's counsel claims he consulted with his client and his family regarding the 14-day period to appeal. Gov't's Resp., Ex. A (Aff. of Joe Spencer), ECF No. 98-1 at 1. He adds "after being informed of his right, he did not discuss his wishes for me to file an appeal on his behalf."

12

*Id.* "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Cong Van Pham*, 722 F.3d at 323–24

Notably, Rodela does not claim he asked his counsel to file a notice of appeal. And he does not dispute his counsel's statement in his affidavit concerning the lack of Rodela's express instructions with respect to an appeal. Judicial Notice, ECF No. 99 at 1. Rodela only reiterates his claim that his counsel promised him that "all sentences ... would run concurrent." *Id.*

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case is adequate to dispose fully and fairly of Rodela's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists

of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Rodela's claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

### CONCLUSIONS AND ORDERS

The Court concludes that Rodela has failed to meet his burden of showing both (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689–94. The Court further concludes Rodela has failed to assert claims establishing (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *Seyfert*, 67 F.3d at 546. The Court also concludes that Rodela is not entitled to a hearing or a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Movant Elein Rodela Jr. is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Movant Elein Rodela Jr.'s *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 82) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Movant Elein Rodela Jr. is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

IT IS FURTHER ORDERED that all pending motions are **DENIED AS MOOT**.

IT IS FINALLY ORDERED that the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

SIGNED this 10th day of December 2024.

DAVID C. GUADERRAMA
SENIOR UNITED STATES DISTRICT JUDGE